**UNITED STATES of America**

v.

**Joseph NOONE III, a/k/a Spud Noone, Marion B. Noone, Peter Noone and Kevin Noone, Defendants.**

**Crim. No. 88–0198–F.**

United States District Court,
D. Massachusetts.

April 27, 1990.

**444**

Mary Elizabeth Carmody, Asst. U.S. Atty., Springfield, Mass., for plaintiff.

Joseph Noone, pro se.

Marion B. Noone, pro se.

Owen S. Walker, Boston, Mass., for Peter Noone.

Robert Gordon, Agawam, Mass., for Kevin Noone.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

### I. INTRODUCTION

Before the Court are a variety of motions filed by both the United States government and the various defendants. By and large, little formal discussion is required with respect to any of these pleadings, but for the sake of completeness, they will be disposed of individually.

### II. DISCUSSION

#### A. Demand For a Speedy Trial

The defendants Joseph Noone and Marion Noone request that this Court dismiss the charges against them on the basis of the government's failure to provide them with a speedy trial, in violation of the United States Constitution and the laws promulgated thereunder. See U.S. Const. amend. VI; 18 U.S.C. §§ 3161 et seq. The government opposes the defendants' motion. For the reasons set forth below, the Court will deny the defendants' motion.

##### 1. This Case Contains Novel Questions of Law and Fact

The government suggests to this Court that one ground for denying the defendants' motion is that this case presents novel questions of law or fact within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii), thus making it an "unusual" case and one not subject to the time restrictions of the Speedy Trial Act. After considerable deliberation, the Court concludes that this is one of the rare instances in which such a declaration is merited. As the Court noted in an earlier order pertaining to co-defendant Peter Noone, the defendants' resistance to the appointment of counsel, their persistent efforts to have a non-attorney represent them, and the sheer volume of their submissions to this Court have all contributed to whatever delay about which the defendants might complain. See United States v. Dalpe, Crim. No. 88–00012–F, slip op. at 8–9 (D.Mass. June 1, 1989); compare United States v.

*Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1197–98 (2d Cir.1989).

The Court wishes to make it expressly clear that it considers a speedy trial to be one of the fundamental rights secured to each citizen by the Constitution. However, in circumstances in which the defendants themselves have shown rank indifference to the speed with which these proceedings are resolved, the Court concludes that the government should not be held responsible for any *de minimis* violations (if any) of the strict time limit imposed by the Speedy Trial Act.

2. The Speedy Trial Act Was Not in Fact Violated

■ Even if the strictures of the Speedy Trial Act are applied, however, the Court is confident that the defendants have been brought to trial within the statutory period. As the government correctly notes, the multiple filings, objections and notices make it virtually impossible for the Court to accurately determine the precise demarcations of excludable and non-excludable time. To the best of its ability, the Court has reviewed the pleadings submitted by the parties and the respective docket sheets for each of the defendants. Based upon that evaluation, the Court concludes that the government has submitted the correct tally, within an acceptable margin of error of two to three days. *See* Government's Opposition to Joseph and Marion Noone's Motion to Dismiss for Speedy Trial at 6–7. The Court also agrees that for the purposes of this calculation, the relevant time period did not begin until March 7, 1989, the day after which Peter Noone was arraigned. *Id.* at 5; *Dalpe*, slip op. at 3–8.

The defendants' motion to dismiss for lack of speedy trial is denied.

*B. Motion to Dismiss*

Defendant Peter Noone moves to dismiss the indictment against him on two separate grounds: (1) that the statute under which he is charged, 18 U.S.C. § 1074, applies only to flight from state, and not federal, prosecutions;[1] and (2) that the government failed to obtain written approval by the Attorney General required for prosecution under 18 U.S.C. § 1074. The government opposes both motions, for reasons which will be discussed below.

1. Application of 18 U.S.C. § 1074 Is Not Limited to State Prosecutions

■ As the parties hotly dispute the meaning of the specific language of statute under which Peter Noone is being prosecuted, the Court finds it helpful to quote the relevant text:

(a) Whoever moves or travels in interstate or foreign commerce with intent either (1) to avoid prosecution, or custody, or confinement after conviction, under the laws of the place from which he flees, for willfully attempting to or damaging or destroying by fire or explosive any ... vehicle, ... or (2) to avoid giving testimony in any criminal proceeding relating to any such offense shall be fined not more than $5,000 or imprisoned not more than five years, or both.

18 U.S.C.A. § 1074 (Supp.1989). Specifically, Peter Noone argues that Congress' use of the language "under the laws of the place from which he flees" was meant to limit application of section 1074 to persons who attempt to flee *state* and not federal proceedings. The government argues that "laws of the place" includes federal law as well.

The Court's efforts to resolve this dilemma are hampered by a true dearth of relevant precedent. Peter Noone relies heavily on the legislative history of section 1074, arguing that it is clear from Congress' comments that they intended section 1074 to apply only to state or local prosecutions. *See* H.R.Rep. No. 956, 86th Cong., 1st Sess., *reprinted in* 1960 *U.S.Code Cong. & Ad.News*, 1939, 1942–43. And admittedly, the text is liberally sprinkled with references to how the passage of section 1074 will help state and local officials, often ham-

---

**1.** A bit of background may be useful. In 1989, Peter Noone was convicted in the United States District Court for participating in the bombing of the Plaza Auto Clinic in Chicopee, pursuant to 18 U.S.C. §§ 371 and 844(i). He was not prosecuted in state court.

pered by inadequate resources, to track down perpetrators of bombings. *Id.* at 1943.

However, after thoroughly reviewing the arguments put forth by the defendant, the Court concludes that dismissal is not warranted. First, the Court notes that when section 1074 was passed as part of the 1960 Civil Rights Act, there was no federal bombing statute on the books. The substantive statute under which the defendant Peter Noone was convicted, 18 U.S.C. § 844, was not passed by Congress until October 15, 1970, a full decade later. Since there was no federal bombing statute in 1960, it is not surprising that the House Report does not discuss the application of section 1074 to section 844.

The question then presents itself as to whether or not Congress intended to prevent application of section 1074 to the clearly unforeseen federal bombing statute. Having reviewed the language of both the statute and the legislative history, the Court can find nothing which indicates that Congress would not want section 1074 to be applied to federal proceedings under section 844. This conclusion is supported by the fact that the language of section 844(i) is virtually identical to that of the earlier statute, section 1074.

Second, the Court agrees with the government that the phrase "laws of the place" can be and should be read to include federal law. Specifically, the government contends that under our system of dual sovereignty, the "laws of the place" consists of both federal and state law.

Over a hundred years ago, the Supreme Court eloquently wrote that:

> The laws of the United States are laws of the several States, and just as much binding on the citizens and courts thereof as the state laws are. The United States is not a foreign sovereignty as regards the several States, but is a concurrent and, within its jurisdiction, paramount sovereignty.... The two together form one system of jurisprudence, which constitutes the law of the land for the State....

*Claflin v. Houseman,* 93 U.S. 130, 136–37, 23 L.Ed. 833 (1876); *see also Iconco v. Jensen Const. Co.,* 622 F.2d 1291, 1296 (8th Cir.1980).

*Claflin* makes it clear to this Court that if the defendants were in fact fleeing from prosecution under 18 U.S.C. § 844, they subjected themselves to possible prosecution under 18 U.S.C. § 1074.

Finally, the only case which the Court has been able to locate in which section 1074 is even mentioned arises in the context of a *federal* investigation. In *United States v. Tarrant,* 730 F.Supp. 30 (N.D. Tex.1990), the district court noted that one of the co-defendants, Daniel Wood, had been convicted of violating 18 U.S.C. § 1074 by fleeing Texas to avoid testifying before a federal grand jury. *Id.* at 32 n. 3.

Based on all of the above factors, the Court reaffirms its decision not to dismiss the present indictment against the defendant Peter Noone.

### C. Motion for Judgment of Acquittal

The motion by defendant Kevin Noone for a judgment of acquittal is substantially similar to that filed by his brother and co-defendant Peter Noone, and will also be denied.

As an initial matter, however, Kevin Noone suggests to this Court that the government's opening unmistakably demonstrated that the evidence it planned to submit to the jury would be insufficient to sustain a conviction against him. The Court disagrees; Assistant United States Attorney Mary Elizabeth Carmody made it perfectly clear that she intended to introduce evidence which, if believed by the jury, would be sufficient to convict Kevin Noone of the offense with which he is charged.

As to Kevin Noone's motion with respect to section 1074, only a few additional comments are necessary at this stage. Noone offers two additional sources to persuade this Court that section 1074 is limited to state prosecutions. First, Noone submits a letter written by then-Attorney General Robert F. Kennedy to the Chairman of the House Committee on the Judiciary, Repre-

sentative Emanuel Celler. However, Kennedy's letter is not relevant to this discussion, as it deals specifically with the proposed amendment to 18 U.S.C. § 1073.

Second, Kevin Noone directs this Court's attention to *United States v. Frank*, 864 F.2d 992 (3rd Cir.1988), in which it was held that the purpose of section 1073 was to permit "the Federal Bureau of Investigation to participate in the apprehension of persons fleeing across state lines after committing designated offenses." *Id.* at 996. Again, however, the fact that *Frank* focuses on section 1073 limits its applicability to section 1074, for the reasons discussed *supra.*

### D. *Objections by Defendants Joseph Noone and Marion Noone*

The defendants Joseph and Marion Noone present to the Court a variety of objections, which are addressed individually below.

#### 1. Objection to Government's Motion to Revoke....

The defendants object to the government's motion, discussed below, as an attempt to disrupt the defense being offered by the various members of the Noone family. However, as the Court is staying any decision on the government's motion at this time, the defendants will be given an opportunity to object if and when the appropriate occasion arises at trial. The objection is overruled at this time.

#### 2. Objection to Government's Motion in Limine

The defendants object to the government's motion in limine (designed to limit the material which may be used to cross-examine and impeach various of the government's witnesses). Here again, the Court has reserved judgment until specific instances present themselves at trial. At that time, the defendants will be given an opportunity to explain to this Court why certain information should be admitted. The objection is overruled at this time.

#### 3. Objection to Government's Request for Jury Instructions

■ Contrary to the defendants' assertions, the government's proposed jury instructions are not designed to deny the defendants a fair and impartial jury. In any case, the Court will give those jury instructions (regardless of their source) which it believes are consonant with the law and the facts of this case. The objection is overruled.

#### 4. Objection to Government's Use of Tape-recorded Calls

■ The defendants assert in three separate objections that the taping of telephone calls or meetings by the government constitutes entrapment, and for that reason should not be used. The defendants, however, misunderstand the nature of entrapment. There are no facts whatsoever before the Court which suggest entrapment. The objection is overruled.

#### 5. Objection to Government's Use of Transcript

The defendants object to the government's alleged intent to introduce the transcript of one Michael Dee into "the juries [sic] instructions." However, the defendants are assured that the Court has no intention of using any transcript in the drafting of its jury instructions. Any other objections may be raised if and when the government proffers the transcript during trial. The objection is overruled at this time.

### E. *Objection to Proceedings of April 23, 1990*

The Court also has before it various objections filed by defendants Joseph Noone and Marion Noone to actions taken by the Court on April 23, 1990. To summarize briefly, the defendants object to: (a) the Court's referring to them as "pro se"; (b) being denied their counsel of choice; (c) the Court's handling of the jury selection process; (d) the Court's reference to a "not guilty" plea, which the defendants claim never to have entered; and (e) the proceedings in general, on the grounds of lack of

opportunity to prepare and lack of jurisdiction.

The defendants have made the above arguments repeatedly throughout the course of these proceedings. The Court has considered each carefully and has concluded (as it does again today) that there is no substance in any of them. Accordingly, the objections are overruled.

*F. Government's Motion to Revoke the Release of Co–Defendant Joseph Noone, III, AKA Spud Noone or for Sanctions Pursuant to 18 U.S.C. § 3148(b)*

 Lastly, the Court has before it the government's motion to revoke the release of Joseph Noone as a result of his alleged participation in the preparation of Steven Sadusky's motion for a new trial *nunc pro tunc.* As the Court stated at sidebar, any contact between Joseph Noone and Steven Sadusky would constitute a violation of the terms of Joseph Noone's release, and would be looked upon very seriously by the Court.

However, the Court concludes that for the time being, a warning is sufficient, particularly in light of the fact that Joseph Noone is currently involved in defending himself in this trial. Accordingly, the Court will stay a ruling on the government's motion at this time, with the express warning to Joseph Noone that any further evidence of contact or interference with any of the witnesses in this case will constitute grounds for granting the government's motion.

### III. CONCLUSION

In summary, the Court takes the following action with respect to each of the motions discussed above:

1. The motion of defendants Joseph Noone and Marion Noone to dismiss for lack of speedy trial is DENIED.

2. The motion of defendant Peter Noone to dismiss is DENIED.

3. The motion of defendant Kevin Noone for a judgment of acquittal is DENIED.

4. The general objections of the defendants Joseph Noone and Marion Noone are OVERRULED.

5. The objections of defendants Joseph Noone and Marion Noone to the proceedings of April 23, 1990 are OVERRULED.

6. The government's motion to revoke the conditions of Joseph Noone's release is STAYED.

It is So Ordered.